**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. WOODEN,**

    **Petitioner,**                      **CASE NO. 2:11-CV-287
                                            CRIM. NO. 2:09-CR-0081(1)
        v.                                  JUDGE FROST
                                            MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner has filed a motion for summary judgment based on the government's failure to timely respond to Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 56. For the reasons that follow, Petitioner's motion for summary judgment is without merit. However, Respondent will be ordered to show cause, within twenty-one (21) days, why Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall not be granted.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Petitioner argues that, because the Respondent failed to answer the petition as required by this Court, *see Order*, Doc. No. 55, Petitioner's allegations should be deemed admitted and the Court should grant him the relief that he seeks. *Motion for Summary Judgment* (citing Rule 8(b)(6), Federal Rules of Civil Procedure).[1] This Court is not

---

[1] Rule 8(b)(6) of the Federal Rules of Civil Procedure provides:

An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

persuaded by Petitioner's arguments.

Under Rule 5(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a respondent is not required to respond to a petition unless a judge directs such a response. *See Tarver v. United States*, 2009 WL 62445, at *3 (M.D. Ga. Jan. 8, 2009)(rejecting argument that the lack of a response by the government constitutes admission, under Rule 8(b)(6) of the Federal Rules of Civil Procedure, of allegations § 2255 proceedings). Further, Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that the Federal Rules of Civil Procedure "may" be applied in 2255 proceedings, but only "to the extent that they are not inconsistent with any statutory provisions or these rules." *Id.*

Petitioner does not refer to, and this Court is not aware of, any decision by the United States Court of Appeals for the Sixth Circuit addressing the propriety of a motion for summary judgment under circumstances such as those presented in this case. However, the Sixth Circuit has held that a judgment by default under Fed.R.Civ.Pro. 55 would not be appropriate without a hearing. *Allen v. Perini*, 424 F.2d 134, 138 (6th cir. 1970); *United States v. Boyd*, 2011 WL 318098 (E.D. Mich. January 31, 2011)(Judgment based upon failure to respond is inappropriate in response to habeas motions under §2255).

It is therefore **RECOMMENDED** that Petitioner's motion for summary judgment, Doc. 56,, be **DENIED.**

Respondent shall show cause why Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall not be granted within twenty-one (21) days.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and*

*Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

  *s/ Norah McCann King*  
Norah McCann King
United States Magistrate Judge

June 1, 2011