**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. WOODEN,**

       **Petitioner,**                       **CASE NO. 2:11-CV-287**
                                                **CRIM. NO. 2:09-CR-0081(1)**
       **v.**                                   **JUDGE FROST**
                                                  **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

On October 25, 2011, the Court granted Respondent's request to hold these proceedings in abeyance pending Petitioner's submission of a written waiver of the attorney-client privilege as it relates to the claims raised in these proceedings. *Order*, Doc. 66. The Court also directed Petitioner to submit such a waiver within fourteen days. *Id.* Petitioner was advised that his failure to do so may result in dismissal of his claims. Petitioner did not file the required waiver but instead filed a motion to strike; he also renewed his earlier request for summary judgment. Docs. 67, 68. On November 14, 2011, the Court denied these motions noting that, by raising allegations of ineffective assistance of counsel, Petitioner had implicitly waived his attorney-client privilege. Doc. 69. On November 21, 2011, Petitioner filed a petition for a writ of mandamus in the United States Court of Appeals for the Sixth Circuit, which remains pending. Petitioner has not requested a stay of these proceedings pending resolution of that matter. *Cf. Professionals Direct Insurance Company v. Wiles, Boyle, Burkholder & Bringardner Co., LPA,* 2008 WL 5378362 (S.D. Ohio December 24, 2008)(petitioner bears the burden of justifying stay pending resolution of petition for writ of mandamus).

To date, Petitioner has not complied with this Court's order and has offered no good reason for his failure to do so. Moreover, counsel for Respondent represents that Petitioner's trial counsel "feels he is unable to respond to the allegations of the petitioner unless the petitioner waives the client-attorney privilege." *Request to Hold Respondent's Answer in Abeyance*, p.2. Petitioner has therefore impeded, without good cause, the progress of these proceedings.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure

to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

      *s/ Norah McCann King*
      Norah McCann King
      United States Magistrate Judge

December 19, 2011