# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN W. WOODEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:11-CV-287
CRIM. NO. 2:09-CR-0081(1)
JUDGE FROST
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On December 19, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed for failure to prosecute, based on Petitioner's failure to comply with this Court's order directing him to submit a written waiver of his attorney-client privilege as it relates to his claims of ineffective assistance of counsel. Doc. 72. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. 74. Significantly, Petitioner has also now submitted a written waiver of his attorney-client privilege. *See Motion for Protective Order*, Doc. 75. Additionally, Petitioner asks that his waiver not be construed as self-incrimination. *Id.*.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this action, arguing that the Magistrate Judge lacked jurisdiction to issue recommendations without his consent. This argument is wholly without merit.. Under 28 U.S.C. § 636(b)(1)(B), "a judge may. . . designate a magistrate judge. . . to submit to a judge of the court. . . recommendations for the disposition. . . of applications for posttrial relief made by individuals convicted of criminal offenses." Moreover, a court's referral of a habeas corpus petition to a magistrate judge does not require a petitioner's consent. *See Miller v. U.S. Department of Justice*, 905 F.2d 1538 (6th Cir.

1990). Petitioner also states that he was "confused" by the Court's "ambiguous" order directing him to submit a written waiver of his attorney-client privilege. However, there was nothing ambiguous or confusing about this Court's prior orders in this regard.

Petitioner's objections to the *Report and Recommendation* are **OVERRULED**.

However, in light of the fact that Petitioner has now submitted a written waiver of his attorney-client privilege, the Court will not dismiss the action for failure to prosecute.

Respondent is **DIRECTED** to submit a response to Petitioner's claims within thirty (30) days.

Petitioner's request for a protective order, Doc. 75, is **GRANTED.** Petitioner's otherwise privileged communications to counsel will be utilized only in the adjudication of the ineffective assistance of counsel claims raised in these § 2255 proceedings.

**IT IS SO ORDERED.**

           /s/ Gregory L. Frost
           GREGORY L. FROST
           United States District Judge