# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOHN W. WOODEN,**

      **Petitioner,**                    **CASE NO. 2:11-CV-287**
                                     **CRIM. NO. 2:09-CR-0081(1)**
      **v.**                           **Judge Frost**
                                     **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's *Petition*, Doc. No. 54, Respondent's *Return of Writ,* Doc. No. 78, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so or to consult with him regarding the filing of an appeal after sentencing. The Magistrate Judge **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying criminal convictions on armed robbery and brandishing a firearm during the commission of an offense of violence, in violation of 18 U.S.C. §§ 1951, 924(c), are the result of his negotiated plea agreement. Doc. Nos. 31, 37. On April 8, 2010, Petitioner was sentenced to an aggregate term of 204 months imprisonment plus three years supervised release. Doc. Nos. 47, 48.

On April 5, 2011, Petitioner filed the *Petition* pursuant to 28 U.S.C. § 2255. He asserts that

he was denied the effective assistance of counsel because his attorney failed to challenge the prior felonious assault conviction used to classify him as a career offender and because his attorney failed to file an appeal or to consult with him after sentencing regarding the filing of an appeal. Petitioner also asserts that he was improperly assessed one criminal history point, *see Pre-sentence Investigation Report*, at ¶52, in view of Amendment 742 to the United States Sentencing Guidelines.

It is the position of the Respondent that Petitioner's claims are without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. at 687; *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result fo the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because

petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.,* at 697.

## CAREER OFFENDER STATUS

Petitioner claims that he was denied the effective assistance of counsel because his attorney failed to challenge or investigate the prior conviction of felonious assault that was used to classify him as a career offender. Petitioner specifically argues that, under *Begay v. United States*, 553 U.S. 137 (2008)(felony DUI not a prior violent felony under the Armed Career Criminal Act), his prior conviction of felonious assault did not constitute a violent felony within the meaning of 18 U.S.C. § 924(e)(1). .

Under the Armed Career Criminal Act ("ACCA"), a 15-year mandatory minimum sentence is imposed on a defendant who unlawfully possesses a firearm and who has three prior convictions "for a violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).

In *Begay,* the United States Supreme Court held that the prior crimes qualifying under the

catch-all clause of the ACCA must be similar to those crimes expressly listed in the statute. *Begay, at 143; see also United States v. Tolbert*, 668 F.3d 798, 802 (6th Cir. 2012). Moreover, whether a prior conviction constitutes a "crime of violence" under § 4B1.2(a)[1] of the United States Sentencing Guidelines is analyzed in a similar fashion. *United States v. Meeks*, 664 F.3d 1067, 1070 n.1 (6th Cir. 2012)(citing *United States v. McMurray*, 653 F.3d 367, 371 n. 1 (6th Cir.2011)).

A crime of violence is defined in the United States Sentencing Guidelines under § 4B1.2, and in the Commentary, Application Note 1, as follows:

> "Crime of violence" . . . include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.
>
> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence": if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature presented a serious potential risk

---

[1] § 4B1.2(a) provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

of physical injury to another.

*Commentary to 4B1.2, Application Note 1.*

Here, Petitioner pleaded guilty to obstructing commerce by robbery in violation of 18 U.S.C. § 1951 and brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). He qualified as a career offender due to his prior convictions for robbery (on March 2, 2005) and for felonious assault (on February 8, 2002). *See Pre-sentence Investigation Report,* ¶31. Petitioner challenges his attorney's failure to question the prior felonious assault conviction as constituting a "crime of violence" under the ACCA.

Under Ohio law, felonious assault is defined as follows:

(A) No person shall knowingly:

(1) Cause serious physical harm to another;

(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is an aggravated felony of the first degree.

O.R.C. § 2903.11. A second degree felony in Ohio is punishable by a term of imprisonment ranging from two to eight years. O.R.C. § 2929.14. Because this conviction meets the definition set forth in the ACCA, *i.e.*, it is punishable by more than one year incarceration and requires as an element of the offense the "threatened use of physical force against the person of another," a felonious assault conviction under Ohio law meets the definition of a crime of violence set forth in the ACCA.

Petitioner has failed to establish the ineffective assistance of counsel based on his attorney's failure to challenge Petitioner's prior felonious assault conviction as a violent crime under the

ACCA so as to permit his classification and sentence as a career offender.

## PRIOR CRIMINAL HISTORY SCORE

Petitioner also alleges that he was denied the effective assistance of counsel because his attorney failed to object to the assessment of a one criminal history point for committing the charged offense within two years of being released on post release control. This claim warrants only brief discussion because even subtracting one criminal history point from Petitioner's prior criminal history score would make no difference in the recommended sentence under the United States Sentencing Guidelines.

Petitioner was assessed a criminal history score of 15, corresponding to a criminal history category of VI. United States Sentencing Guidelines, Chapter 5, Part A. A criminal history score of 13 or more likewise corresponds to a criminal history category of VI. *See id.* Thus, deducting one criminal history point from Petitioner's total prior criminal history score would not serve to lower the recommended sentence under the advisory sentencing guidelines. Moreover, and in any event, Petitioner would have received a prior criminal history category of VI based on his status as a career offender. *Pre-sentence Investigation Report,* ¶53; U.S.S.G. § 4B1.1(b).

Petitioner therefore cannot establish prejudice because of his attorney's failure to object to the addition of one criminal history point.

## FAILURE TO FILE AN APPEAL

In his verified *Petition*, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to file a timely appeal or to consult with him regarding the filing of the appeal after sentencing even though Petitioner allegedly advised counsel that he wanted to file an appeal. In response, Respondent represents that defense counsel denies this allegation. *See*

*Return of Writ*, at 5.

Petitioner acknowledges that the Court advised him at sentencing of his right to file an appeal and of the ten day period for filing a timely appeal. Petitioner indicated that he understood. The Court further advised Petitioner that, if he changed his mind about filing an appeal, he had ten days in which to contact the Clerk of Court through the Marshal's office or his attorney. *See Petition*, at 23. According to Petitioner, after sentencing he decided that he waned to appeal and informed his attorney of that fact. He "was going to contact" defense counsel but, when he attempted to do so, he was "neglected" by counsel who remained unavailable for consultation with Petitioner. *Id.*, at 24-25. *See also Petitioner's Affidavit in Support of His 28 U.S.C. §2255 Petition,* attached to *Petition.* The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This

is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores–Ortega,* 528 U.S. 470, 478 (2000).

Because Petitioner has raised an allegation which, if true, may warrant relief, the determination of which requires resolution of a factual dispute, the Magistrate Judge **RECOMMENDS** that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so or to consult with him regarding the filing of an appeal after sentencing. The Magistrate Judge **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

  *s/ Norah McCann King*     
Norah McCann King
United States Magistrate Judge

May 15, 2012