**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN W. WOODEN,**

      **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

Civ. No. 2:11-CV-287
Crim. No. 2:09-CR-0081(1)
Judge Frost
Magistrate Judge King

## OPINION AND ORDER

On May 15, 2012, the Magistrate Judge recommended that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so and failed to consult with him regarding the filing of an appeal after sentencing. *Report and Recommendation,* Doc. No. 79. The Magistrate Judge also recommended that the remainder of Petitioner's claims be dismissed. *Id.* Petitioner has filed objections to the *Report and Recommendation. Objection to Report and Recommendation*, Doc. No. 83; *Brief in Support*, Doc. No. 85. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Counsel shall be appointed to represent Petitioner at an evidentiary hearing on his claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so or to consult with him regarding the filing of an appeal after sentencing. The remainder of Petitioner's claims are hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendation that Petitioner's claims, other than his claim of denial of the effective assistance of counsel in connection with his right of appeal, be dismissed on the merits. Petitioner again raises all the same arguments that he previously

presented. Specifically, he again contends that, under *Begay v. United States*, 553 U.S. 137 (2008), his prior conviction of felonious assault was not a violent felony for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because that conviction did not require as an element the use or attempted use of physical force against another. In particular, Petitioner notes that, under Ohio law, felonious assault requires proof that a defendant caused or attempted to cause physical harm to another. O.R.C. § 2903.11. Because causing physical harm is necessarily equal to or greater than the use of physical force against another, this Court is not persuaded by this argument. *See also United States v. Rodriguez,* 664 F.3d 1032, 1039 (6th Cir. 2011)("The elements of felonious assault and aggravated assault [which qualifies as a 'crime of violence'] are exactly the same").

Petitioner's objections also include claims not previously raised in his *Motion to Vacate*, Doc. No. 54. Petitioner now alleges that he was denied the effective assistance of counsel because his attorney permitted him to plead guilty to obstructing commerce by robbery, in violation of 18 U.S.C. § 1951, even though there was an insufficient factual basis for the plea. Petitioner contends that this claim is now properly before this Court because his *Memorandum of Law for Re-Sentencing and Correction of (P.S.I. Report)*, Doc. No.61, p.4, referred to *United States v. Gobert,* 139 F.3d 436, 438-39 (5th Cir. 1998), which held, *inter alia*, that the evidence in that case was insufficient to establish a factual basis for a defendant's guilty plea. This argument is likewise not persuasive.

Petitioner did not raise, either in his April 5, 2011 *Motion to Vacate* or in the attached *Memorandum in Support*, Doc. No. 54, a claim of ineffective assistance of counsel based on an insufficient factual basis for his guilty plea. In his July 19, 2011, *Memorandum of Law for Re-Sentencing and Correction of (P.S.I. Report)*, Petitioner referred to *Gobert* only in connection with

2

his argument, addressed *supra*, that he did not qualify as a career offender. *Id.* at 3-4. Even construed liberally, Petitioner's pleadings did not apprise either the Court or respondent of a claim of denial of effective assistance of counsel based on an alleged insufficient factual basis for the guilty plea. "Liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)(citing *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

Petitioner also argues for the first time that he would not have pled guilty had his attorney investigated his prior convictions and properly advised him regarding his career offender status. The Court will not permit Petitioner to now amend his pleadings under the guise of objections to the *Report and Recommendation*. Moreover, the one-year statute of limitations established by 28 U.S.C. § 2255(f) has expired,[1] thereby foreclosing the assertion of claims differing in both time and type from those initially asserted. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Petitioner's proposed new claims differ in time and type from those asserted in Petitioner's initial *Motion to Vacate*. Petitioner's original claims of ineffective assistance of counsel are based on counsel's alleged failure to object at sentencing to Petitioner's classification as a career offender, failure to object at sentencing to Petitioner's prior criminal history score, and failure to file an appeal or to consult with Petitioner regarding the filing of an appeal. His proposed new claims of ineffective assistance of counsel relate to the period before the entry of the guilty plea and thus differ in both time and type from Petitioner's original claims. These claims are time-barred and the Court will not address them in conjunction with Petitioner's objections to the *Report and Recommendation*.

---

[1] Judgment was entered on April 8, 2010. *Judgment*, Doc. No. 48.

3

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review and concludes that Petitioner's objections, Doc. Nos. 83, 85, are without merit. The May 15, 2012 *Report and Recommendation,* Doc. No. 79, is **ADOPTED** and **AFFIRMED**.

Counsel shall be appointed to represent Petitioner at an evidentiary hearing before the Magistrate Judge on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to file an appeal after being requested to do so or to consult with Petitioner regarding the filing of an appeal after sentencing. The remainder of Petitioner's claims are **DISMISSE**D.

                                              **/s/ Gregory L. Frost**
                                              **GREGORY L. FROST**
                                              **United States District Judge**